**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

|  |  |
|---|---|
| UNITED STATES OF AMERICA,   )<br>                                                        )<br>            Plaintiff,                       )<br>                                                        )<br>      v.                                            )<br>                                                        )<br>ASHLEY DIVINE,                        )<br>                                                        )<br>            Defendant.                   )<br>                                                        ) | Case No. 06-20118-05-JWL<br>Civil Case No: 08-2593-JWL |

**MEMORANDUM AND ORDER**

Defendant Ashley Divine filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 145), raising an ineffective assistance of counsel claim and a claim of prosecutorial misconduct. In response, the Government filed a Motion to Enforce Waiver of Collateral Attack (Doc. 161), asking this court to dismiss Ms. Divine's § 2255 petition pursuant to the terms of her plea agreement, which included a waiver of her right to collaterally attack her sentence, except as limited by *United States v. Cockerham*, 237 F.3d 1179 (10th Cir. 2001).

In response, Ms. Divine filed a "Motion to Amend Appeal Collaterally Attacking Government" (Doc. 169). In that document, she acknowledges the waiver included in her plea agreement, noting that she forgot about that commitment but that she is willing to adhere to the agreement. She reiterated, however, that the plea agreement waiver does not foreclose ineffective assistance of counsel claims. Thus, she asks this court to amend

her § 2255 petition, and she expounds on the ineffective assistance claim she previously raised. Specifically, she asserts that her attorney was ineffective for failing to allow her to speak in court. She contends that she wanted to request that her sentence be run concurrently, but that her attorney violated her "rights of allocution" and told her "not to speak" on her own behalf.

For the reasons set forth below, the Government's motion to enforce is granted and Ms. Divine's collateral attacks are dismissed.

## DISCUSSION

The court will hold a defendant and the government to the terms of a lawful plea agreement. *United States v. Arevalo-Jimenez*, 372 F.3d 1204, 1207 (10th Cir. 2004); *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998). Thus, a knowing and voluntary waiver of § 2255 rights in a plea agreement is generally enforceable. *United States v. Cockerham*, 237 F.3d 1179, 1181 (10th Cir. 2001). The Tenth Circuit has adopted a three-pronged analysis for evaluating the enforceability of such a waiver in which the court must determine: (1) whether the disputed issue falls within the scope of the waiver, (2) whether the defendant knowingly and voluntarily waived the rights, and (3) whether enforcing the waiver would result in a miscarriage of justice. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam).

**1. Scope of the Waiver**

In determining whether the disputed issue falls within the scope of the waiver, the court begins with the plain language of the plea agreement. *United States v. Anderson*,

374 F.3d 955, 957 (10th Cir. 2004); *Hahn*, 359 F.3d at 1328. The provision in the plea agreement by which Ms. Divine waived her right to challenge her sentence through collateral attack states as follows:

> Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2) and a motion brought under Fed. Rule of Civ. Pro. 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court.

The plea agreement is construed "according to contract principles and what the defendant reasonably understood when he entered his plea." *Arevalo-Jimenez*, 372 F.3d at 1206 (internal quotation and citations omitted). The court strictly construes the waiver and resolves any ambiguities against the government and in favor of the defendant. *Hahn*, 359 F.3d at 1343.

Bearing these principles in mind, Ms. Divine clearly waived the right to challenge her attorney's performance at the sentencing hearing. Specifically, her claim that her attorney should have allowed her to speak on her behalf to have her sentenced imposed concurrently falls within the scope of her waiver.

**2.    Knowing and Voluntary**

3

In assessing the voluntariness of a defendant's waiver, the court looks primarily to two factors–whether the language of the plea agreement states that the defendant entered the plea agreement knowingly and voluntarily and whether there was an adequate Rule 11 colloquy. *See United States v. Smith*, 500 F.3d 1206, 1210-11 (10th Cir. 2007).

Both conditions are satisfied here. Paragraph 13 of Ms. Divine's plea agreement expressly states that she "knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence." *See United States v. Leon*, 476 F.3d 829, 834 (10th Cir. 2007) (concluding that a defendant did not meet the burden of showing that the waiver was unknowing and involuntary in part because plea agreement contained broad waiver that defendant "knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence").

In addition, the court, during its Rule 11 colloquy with Ms. Divine, specifically discussed that she had waived her right to challenge her sentence through a § 2255 motion. Ms. Divine assured the court that she understood the nature of § 2255 claims, that she understood that she had waived her right to assert such claims, and that she was entirely willing to do so. *See id.* (finding that defendant did not meet the burden of showing that the waiver was unknowing and involuntary in part because defendant testified at the plea colloquy that he was competently, knowingly, freely and voluntarily entering his plea and waiving his constitutional rights, including his right to appeal) (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court

4

[affirming a plea agreement] carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.")).

### 3.  Miscarriage of Justice

Enforcing a waiver results in a miscarriage of justice only if (1) the district court relied on an impermissible factor such as race, (2) the defendant received ineffective assistance of counsel in conjunction with the negotiation of the waiver, (3) the sentence exceeds the statutory maximum, or (4) the waiver is otherwise unlawful in the sense that it suffers from error that seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Hahn*, 359 F.3d at 1327.

Ms. Divine does not raise any claim that would fall into one of the four situations described by *Hahn*.  The ineffective assistance claim she has raised does not impact the negotiation of the plea agreement or waiver.  Thus, the court is satisfied that enforcing the waiver would not result in a miscarriage of justice.

### 4.  Conclusion

Having concluded that the waiver contained in Ms. Divine's plea agreement was knowing and voluntary and that enforcing it will not result in a miscarriage of justice, the court grants the government's motion to enforce and dismisses Ms. Divine's claims of ineffective assistance at sentencing.

**IT IS THEREFORE ORDERED BY THE COURT** that the Government's

Case 2:06-cr-20118-JWL   Document 170   Filed 04/29/09   Page 6 of 6

Motion to Enforce Waiver of Collateral Attack (Doc. 161) is granted. Ms. Divine's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 145) is dismissed.

**IT IS SO ORDERED** this 29th day of April, 2009.

<div style="text-align:right">

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

</div>

6